### 443.  SOUTHERN RAILWAY COMPANY *v.* STONE.

HILL, C. J.   1. The allegations of the petition for certiorari must be veri-
fied by the answer of the magistrate whose decision is sought to be re-
viewed, or the truth of the allegations must be admitted by the defend-
ant in certiorari.

2. Where no answer to a certiorari was filed giving information to the re-
viewing court as to what was done by the lower court, and the answer
was not waived, and the truth of the allegations contained in the peti-·
tion was not admitted, there was nothing before the court on which a
final judgment could have been rendered.   In such condition of the
record, the only proper judgment would have been the dismissal of the
certiorari; and a final judgment by the superior court against the plain-
tiff in certiorari for the amount alleged to have been recovered in the;
justice's court was erroneous and must be set aside.

*Judgment reversed.*

Certiorari, from Dougherty superior court—Judge Spence.   April
9, 1906.

Submitted June 25,—Decided July 18, 1907.

*DeLacy & Bishop,* for plaintiff in error.

---

### 138.  VIRGINIA-CAROLINA CHEMICAL COMPANY *v.* ROBERTS.

RUSSELL, J.   1. The assignment of error in the bill of exceptions is suffi-
ciently specific.   The motion to dismiss the writ of error is therefore
overruled.

2. One who has unsuccessfully claimed title to property levied upon by
an execution in favor of a third party is not thereby estopped from
foreclosing a mortgage in his favor upon the property previously claimed
by him and asserting the lien of such mortgage.   Consequently there
was no error in sustaining the certiorari in this case.

*Judgment affirmed.*

Certiorari, from Dougherty superior court—Judge Spence.
April 9, 1906.

Submitted February 26,—Decided July 25, 1907.

*L. W. Nelson,* for plaintiff in error.

*J. W. Walters Jr., Clayton Jones,* contra.